```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KINGVISION PAY-PER-VIEW, LTD.,
```

                       Plaintiff,        **MEMORANDUM and ORDER**

      -against-                      05-CV-5960 (SLT)(CLP)

```
CHARMAINE GUMBS, Individually and
d/b/a Sugarcane; J.R. GIDDINGS,
Individually and d/b/a JRG Restaurant
Bar & Fashion,

                            Defendants.
----------------------------------------------------------x
```
**TOWNES, United States District Judge:**

        Plaintiff, Kingvision Pay-Per-View, Ltd., owns the exclusive right to exhibit the closed-circuit telecast of certain boxing events at various "closed-circuit locations such as . . . bars, clubs, lounges [and] restaurants." Complaint at ¶¶ 9, 11. In December 2005, plaintiff commenced this action pursuant to 47 U.S.C. §§ 553 and 605, alleging that defendants intercepted or otherwise received plaintiff's transmission without authorization, and exhibited the boxing events to patrons at Sugarcane and JRG Restaurant Bar & Fashion. Defendant Giddings answered the complaint in January 2006, and has since settled with plaintiff and been dismissed from the action. Defendant Gumbs, however, failed to answer or to otherwise respond to plaintiff's complaint.

        Plaintiff now moves for a default judgment against Gumbs, individually and d/b/a Sugarcane, seeking statutory damages of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); enhanced damages of $50,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and costs and attorneys' fees. For the reasons stated below, plaintiff's motion is granted and judgment shall be entered in the amount of $14,050, plus costs.

*The Consequences of Defendants' Default*

"Where, as here, 'the court determines that [a] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Chen v. Jenna Lane, Inc.*, 30 F. Supp 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2688, at 58-59 (3d ed. 1998)). Accordingly, by defaulting in this case, defendant Gumbs has conceded, *inter alia*, that she and Sugarcane willfully violated both 47 U.S.C. § 605 and 47 U.S.C. § 553. Complaint at ¶¶ 27, 37.

Although Gumbs has admitted liability under both § 605 and § 553, plaintiff "can recover under only one statute." *Kingvision Pay-Per-View Ltd. v. Brito*, No. 05 CV 1042 (GBD) (RLE), 2006 WL 728408, at *1 (S.D.N.Y. Mar. 20, 2006) (Report and Recommendation of Ellis, M.J.) (citing *International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 129 (2d Cir. 1996)). Since §605(e) provides "far more severe penalties than those of § 553(c)," *International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1007 (2d Cir. 1993), and since plaintiff makes the same arguments with respect to both sections, this Court will assume that plaintiff would prefer to proceed under § 605(e) and will determine the damages recoverable under that statute.

*Damages Under § 605(e)*

Section 605(e) provides, *inter alia*, that any person aggrieved by a violation of § 605(a) can bring a civil action in district court, in which the court:

> (i) may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of . . . [§ 605(a)];
>
> (ii) may award damages as described in subparagraph (C); and
>
> (iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

47 U.S.C. § 605(e)(3)(B). Subparagraph (C) permits the recovery of either actual damages under

(C)(i)(I), or statutory damages under (C)(i)(II). Plaintiff expressly requests that this Court award statutory damages. Plaintiff's Memorandum of Law ("Plaintiff's Memo") at 6.

The statutory damages provision, § 605(e)(3)(C)(i)(II), provides, in pertinent part:

> [T]he party aggrieved may recover an award of statutory damages for each violation of [§ 605(a)] . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . .

In addition, § 605(e)(3)(C)(ii) states:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of [§ 605(a)] . . . .

Although § 605 provides little guidance as to how to set damages within the statutory range, "courts in this circuit have relied upon one of two methods of calculating statutory damages in cases involving the unauthorized receipt and exhibition of pay-per-view events." *Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064 (FB) (KAM), 2005 WL 2476264, at *6 (E.D.N.Y. Oct. 7, 2005) (Report and Recommendation of Matsumoto, M.J.) (citing *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 489 (S.D.N.Y. 1999)). First, in cases where the exact number of patrons is unknown, courts have awarded flat sums based on what the court "considers just." *See*, *e.g.*, *Entertainment by J & J, Inc. v. Suriel*, No. 01 Civ. 11460 (RO), 2003 WL 1090268, at *1 (S.D.N.Y. Mar. 11, 2003) (awarding $11,000 in statutory damages); *Home Box Office v. Champs of New Haven, Inc.*, 837 F. Supp. 480, 484 (D. Conn. 1993) (awarding $10,000 in statutory damages). Second, "[i]n cases where there is uncontradicted evidence of the number of patrons viewing the match in the establishment, courts have . . . multiplied the number of patrons by a set sum," and have awarded that amount "plus

3

any cover charges or other profits attributable to the unauthorized viewing." *Morales*, 2005 WL 2476264, at *6. Although the "set sum" varies widely, with some courts awarding as little as $20, *see Time Warner Cable v. Sanchez*, No. 02 Civ. 5855 (GBD)(FM), 2003 WL 21744089, at *4 (S.D.N.Y. July 8, 2003), and some courts awarding as much as $300, *see Garden City Boxing Club, Inc. v. Salcedo*, No. 04 Civ. 5027 (DFE), 2005 WL 2898233, at *2 (S.D.N.Y. Nov. 3, 2005), many courts have found $50 to be the appropriate amount. *See*, *e.g.*, *Entertainment by J & J, Inc. v. Mama Zee Rest. & Catering Services, Inc.*, No. CV-01-3945 (RR), 2002 WL 2022522, at *3 (E.D.N.Y. May 21, 2002); *Googies Luncheonette, Inc.*, 77 F. Supp. 2d at 490; *Time Warner Cable v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997); *Cablevision Sys. Corp. v. 45 Midland Enter., Inc.*, 858 F. Supp. 42, 45 (S.D.N.Y. 1994).

Although plaintiff urges this Court to award a flat sum of $10,000, that sum is based on unsubstantiated figures and speculation concerning the damages incurred by plaintiff. For example, Plaintiff's Memo asserts that plaintiff "would have requested from Sugarcane a sublicense fee of approximately $3000.00 in order to authorize it to broadcast" the boxing event at issue, Plaintiff's Memo at 8, but does not provide sufficient evidence to substantiate this $3,000 figure. Plaintiff submits an affidavit of its "attorney-in-fact," who states that the "sublicense fee" charged by plaintiff is "based on $20.00 times the maximum fire code occupancy of the commercial establishment purchasing the Event," and that the fee for an establishment with a fire code occupancy of 150 would, therefore, be $3,000. Affidavit of Marcus W. Corwin (attached as an exhibit to Plaintiff's Memo) at ¶ 7. However, plaintiff does not adduce proof that Sugarcane had a fire code occupancy of 150 people. Similarly, while plaintiff asserts that it sustained other losses, such as "damage to its goodwill and reputation and loss of its right and ability to control and receive fees for the transmission" of the boxing event at

4

issue, Plaintiff's Memo at 12, there is nothing to suggest that these losses can be quantified or would amount to more than $7,000. Accordingly, this Court declines to award the $10,000 plaintiff requests.

Plaintiff's submission does include, however, evidence of the number of patrons viewing the boxing event at Sugarcane. In an affidavit attached to Plaintiff's Memo, plaintiff's "auditor," Willie Murray, Jr., states that he counted approximately 70 people in the establishment at 10:29 p.m., during the boxing event. About fifteen minutes later, a second "auditor," Gerard A. Carita, visited Sugarcane and counted "35+" people in the establishment.

Although these estimates are strikingly different, they are not inconsistent. It is entirely possible that half the patrons left Sugarcane during the fifteen minutes between the auditors' visits. Therefore, for purposes of calculating damages, this Court will use the higher figure. Since there is no evidence concerning cover charges or actual profits realized by Sugarcane, this Court will calculate statutory damages by simply multiplying the maximum number of patrons observed, 70, by $50. Accordingly, plaintiff shall recover statutory damages in the amount of $3,500.

Plaintiff is also entitled to enhanced damages. It is beyond question that the § 605(a) violation "was committed willfully and for purposes of direct or indirect commercial advantage." § 605(e)(3)(C)(ii). After all, "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *Googies Luncheonette*, 77 F. Supp. 2d at 490. However, in awarding enhanced damages, courts have borne in mind that "although the amount of damages should be an adequate deterrent, [a single] violation is not so serious as to warrant putting the restaurant out of business." *Garden City Boxing Club, Inc. v. Polanco*, No.

5

05 Civ. 3411 (DC), 2006 WL 305458, at *5 (S.D.N.Y. Feb 7, 2006).

In this case, it is apparent that Sugarcane is a small business. According to the auditors' affidavits, the establishment had no more than 70 patrons at the times they visited the premises. Since whatever profits Gumbs and/or Sugarcane reaped from their misdeeds were likely minimal, an award of $10,000 in enhanced damages should more than suffice to prevent them from repeating their conduct.

*Attorneys' Fees and Costs*

Section 605(e)(3)(B)(iii) expressly provides that a court "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." Relying on this language, courts in this Circuit have repeatedly held that "under Section 605 the award of costs and attorneys' fees is mandatory." *Polanco*, 2006 WL 305458, at *4; *see also Morales*, 2005 WL 2476264, at *9. However, a party seeking attorneys' fees must nonetheless "support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done." *Morales*, 2005 WL 2476264, at *9 (internal quotations and citations omitted).

In this case, plaintiff's counsel has provided the required documentation. In his Affidavit for Attorney's Fees, plaintiff's counsel has transcribed contemporaneous time records that substantiate his claim that his "office . . . expended 2.2 hours in preparation for this proceeding." Affidavit of Richard A. Klass, Esq., dated May 5, 2006, at 2.[1] This Court has reviewed the time records and finds the 2.2 hours spent on this case to be entirely reasonable. In addition, although

---

[1] In calculating the amount of the fees, plaintiff's counsel mistakenly uses 4.2 hours, rather than 2.2. The contemporaneous time records establish that 2.2 hours is the correct figure.

plaintiff's counsel has not attached a copy of his curriculum vitae, his affidavit describes his experience in some detail. Given his qualifications, plaintiff's counsel's fee of $250 per hour is justified. Moroever, this hourly rate is within the range awarded in this district. *See*, *e.g.*, *Commission Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050 (CPS), 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners; $100 to $150 for junior associates and $200 to $250 for senior associates"). Accordingly, plaintiff is awarded attorneys' fees totaling $550.

## CONCLUSION

For the reasons stated above, plaintiff's motion for a default judgment is granted. Charmaine Gumbs and Sugarcane shall be jointly and severally liable to plaintiff for $3,500 in statutory damages pursuant to § 605(e)(3)(C)(i)(II); $10,000 in enhanced damages pursuant to § 605(e)(3)(C)(ii); and $550 in attorneys' fees, plus costs. Accordingly, the Clerk of Court is directed to enter judgment in favor of plaintiff in the total amount of $14,050, plus costs.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
 February 6, 2007